UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER SMITH,**

        **Plaintiff,**

v.                                             Case No: 6:24-cv-457-PGB-RMN

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

        **Defendant.**
_____/

**ORDER**

This cause comes before the Court upon Plaintiff Jennifer Smith's ("**Plaintiff**") Renewed Motion to Amend Complaint (Doc. 133 (the "**Renewed Motion**")). Defendant Florida Agricultural & Mechanical University ("**FAMU**") Board of Trustees ("**Defendant**") has filed a response in opposition (Doc. 136 (the "**Response**")). Upon careful consideration, the Renewed Motion is due to be granted.

**I.    BACKGROUND**[1]

This case arises out of Plaintiff's allegations that Defendant engaged in gender discrimination in compensating Plaintiff—who was a tenured law professor

---

[1] The Court provides an abbreviated synopsis of both the Plaintiff's allegations and the lengthy procedural history involved in Plaintiff's requests to amend the operative Amended Complaint (Doc. 1-1 ("**FAC**")). Despite Plaintiff's representations to the contrary in the Renewed Motion, the Court strives to act with efficiency in resolving the issues before it. (*See* Doc. 133). Moreover, the Court's involvement in trying to advance this matter is unrivaled among the cases on this Court's docket. Yet Plaintiff appears to persist in the faulty belief that, on any given day, this is the sole matter that demands the Court's time and attention.

at FAMU—in violation of the Equal Protection Act ("**EPA**"). (*See* Doc. 1-1). Plaintiff additionally claims that Defendant wrongfully terminated Plaintiff after learning she had sued Defendant under the EPA. (*See id.*).

On June 18, 2024, Plaintiff moved for the Court's leave to file a second amended complaint (Doc. 72 (the "**Amended Motion to Amend**")). Plaintiff attached the proposed second amended complaint (Doc. 72-1 through Doc. 72-16 (the "**proposed SAC**")) to the Amended Motion to Amend for the Court's consideration. (*Id.*). On July 3, 2024, the Court granted Plaintiff leave to file the proposed SAC.[2] (Doc. 80). However, on July 8, 2024, Plaintiff filed a second amended complaint that differed in significant respects from the proposed SAC. (*See* Doc. 81). The next day, Plaintiff filed a "corrected" second amended complaint, which also differed significantly from the proposed SAC. (*See* Doc. 84 (the "**altered SAC**"); *see also* Doc. 84-1 through Doc. 84-21 (exhibits to the altered SAC)).

Ultimately, upon Defendant's request, the Court struck both versions of the second amended complaint that were filed by Plaintiff, finding they had been filed without the Court's leave. (Doc. 132 (the "**Order Striking the SACs**")). However, the Court gave Plaintiff the option of (1) filing the proposed SAC; or (2) filing a renewed motion seeking leave to file the altered SAC. (*Id.*). Plaintiff has chosen the

---

[2] The Court notes that the Amended Motion to Amend was filed after the deadline for amending the pleadings as set forth in the Case Management and Scheduling Order ("**CMSO**"). (Doc. 45, p. 1; Doc. 72). However, Plaintiff had timely filed the first version of this motion and the Amended Motion to Amend was filed as a result of a Court Order. (Docs. 54, 65, 71). Accordingly, the Court treated the Amended Motion to Amend as a timely request to amend the pleadings when ruling thereupon. (Doc. 80).

latter course, and in the Renewed Motion, seeks leave to file the altered SAC as the operative complaint in this case. (Doc. 133).[3] The Renewed Motion was filed nearly two (2) months after the expiration of the deadline for amending the pleadings as set forth in the CMSO. (Doc. 45, p. 1; Doc. 72; Doc. 133).

## II. LEGAL STANDARD

When a motion for leave to amend the pleadings is filed after the deadline established by the Court in the CMSO, the movant must first show good cause for the belated request under Federal Rule of Civil Procedure 16(b)(4). *Romero v. Drummond Co.*, 552 F.3d 1303, 1318–19 (11th Cir. 2008) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). "To establish good cause, the [movant] must have been diligent." *See id.* at 1319; *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (citation omitted) (noting the good cause standard "precludes modification [of the CMSO] unless the schedule cannot be met despite the diligence of the party seeking the extension.").

---

[3] Because Plaintiff never filed the proposed SAC after the Court granted her Amended Motion to Amend, it never became the operative pleading in this case. (Docs. 81, 84, 132). Nevertheless, in the instant Order, the Court addresses only the *additional, untimely* amendments that Plaintiff made to the proposed SAC, resulting in the altered SAC. There are a myriad of reasons for this choice, including: (1) the Court has already approved of Plaintiff filing the proposed SAC by Court Order; (2) the Court considered that the request to make the amendments contained within the proposed SAC were timely made; (3) in the Order Striking the SACs, the Court did not offer Plaintiff the option of filing the proposed SAC as the operative pleading before moving to amend to file the altered SAC; (4) neither of the parties appear to anticipate a return to the FAC in their briefing on Plaintiff's Renewed Motion; and (5) for the sake of simplicity, given the complex procedural history of Plaintiff's attempts to amend in this case. In any event, under the circumstances, the Court finds good cause for allowing Plaintiff to file the altered SAC in its entirety. (Docs. 80, 132; *see* Docs. 133, 136); FED. R. CIV. P. 16(b)(4).

Once the movant has established good cause, the Court must consider if the amendment is proper under Federal Rule of Civil Procedure 15. *Romero*, 552 F.3d at 1318–19 (citing *Sosa*, 133 F.3d at 1418). Under Rule 15, the Court shall "freely" grant leave to the parties to amend their pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). "This standard of liberality is mandated absent any apparent reason to the contrary." *Gropp v. United Airlines, Inc.*, 847 F. Supp. 941, 945 (M.D. Fla. 1994); *see Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). In fact, to deny a motion to amend the complaint, there must be a substantial reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *E.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laurie*, 256 F.3d at 1274.

## III. DISCUSSION

Through the Renewed Motion, Plaintiff seeks to add a new party Defendant, Sarah Reiner ("**Ms. Reiner**"), to the case.[4] (*See* Doc. 133-1). She also seeks to add substantial detail regarding Plaintiff's alleged encounter with a disruptive student

---

[4] The proposed SAC had added as party Defendants two attorneys and their law firm (the "**Defendant law firm**") (collectively, the "**law firm Defendants**"), asserting their alleged involvement in Plaintiff's wrongful termination. (Doc. 72-1, ¶¶ 12–15, 190–205). Therein, Plaintiff included two (2) counts against the law firm Defendants: one (1) for conspiracy to interfere with civil rights and another for failure to prevent conspiracy (the "**conspiracy counts**"). (*Id.* ¶¶ 190–205). In the altered SAC, Plaintiff maintains her conspiracy counts against the law firm Defendants. (*See* Doc. 133-1, ¶¶ 191–209). However, Plaintiff newly alleges that Ms. Reiner, who is a partner of the Defendant law firm, is also liable under the conspiracy counts. (*See id.*, ¶¶ 14, 16, 191–209).

4

(the "**student encounter**") and Defendant's investigation regarding the student encounter, which lie at the heart of Plaintiff's claims in this case.[5] (*See e.g.*, *id.* ¶¶ 43, 45, 50–52, 55, 74). Further, the parties seemingly agree that the changes made in the altered SAC cure deficiencies within the proposed SAC. (Doc. 112, pp. 7–8; Doc. 114, pp. 3–4).

In the Renewed Motion, Plaintiff raises a host of arguments in support of good cause for the untimely request to amend. (*See* Doc. 133). Of those arguments, one is worthy of discussion.[6] (*See id.* at p. 9). Plaintiff represents that, after she filed her Amended Motion to Amend with the attached proposed SAC:

> Plaintiff became aware of new facts and a new party with involvement in the allegations of the [altered] SAC. New documents and information had also been unearthed from Plaintiff and Defendant FAMU's interactions in discovery in her case, the proceedings in another case against FAMU brought by another law professor, and Plaintiff's own investigation of the foregoing.

(*Id.* (citation omitted)). Defendant advances two (2) primary arguments in response. (*See* Doc. 136). First, Defendant argues that, in her Renewed Motion, Plaintiff fails to expressly seek a modification of the CMSO's deadlines for amending the pleadings. (*Id.* at p. 4). Second, Defendant argues that Plaintiff has

---

[5] Plaintiff alleges that the student encounter led to an investigation that Defendant later used as a pretext for terminating her employment. (*E.g.*, Doc. 1-1, ¶¶ 36–77).

[6] Much of Plaintiff's Renewed Motion is dedicated to venting disagreement with the Court's Order Striking the SACs, which has no bearing on the Renewed Motion, and indeed, would not be appropriate even in the context of a request for reconsideration of that Order. (*See* Doc. 133, pp. 10–11; 14–16); *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted) (explaining that it is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning.").

not met the good cause standard because she has not been diligent. (*Id.* at p. 5). To this point, Defendant contends that "failure to comply with a Court's Orders demonstrates a lack of diligence in itself." (*Id.*).

After careful consideration, the Court finds good cause to permit Plaintiff to file the requested amendment despite the expiration of the deadline for doing so. *See* FED. R. CIV. P. 16(b)(4). First, Plaintiff represents that she requests to amend her allegations based upon relevant information she recently obtained through her discovery efforts and her personal investigation in this case. (Doc. 133, p. 9). Essentially, Plaintiff argues that she obtained the information underlying her requested amendment through her diligence. (*See id.*). Defendant fails to meaningfully challenge this point. (*See* Doc. 136). For example, Defendant does not argue that Plaintiff has long known about the information underlying the requested amendment or, conversely, that Plaintiff should have discovered this information sooner. (*See id.*). Instead, Defendant appears to advance a good cause standard that could never be met. (*See id.* at p. 5). The good cause standard that requires an evaluation of a plaintiff's diligence only applies to amendments requested after the deadline for amending has expired. *See* FED. R. CIV. P. 16(b)(4). Yet, Defendant urges that a plaintiff who fails to meet that deadline is *de facto* not diligent. (*See* Doc. 136, p. 5).

However, as Defendant notes in its Response, "[d]iligence means that a party has worked earnestly, steadily, energetically and conscientiously to accomplish their goal." (*Id.* at p. 6 (quoting *Freedman v. Suntrust Banks, Inc.*, No.

6

6:15-cv-1657-Orl-41TBS, 2016 WL 3196464, at *6 (M.D. Fla. June 9, 2016)). The filings in this case suggest that Plaintiff has been vigorous in her pursuit of discovery. (*See, e.g.*, Doc. 88 (Plaintiff's motion to pierce attorney-client privilege); Doc. 89 (Plaintiff's motion to pierce FERPA confidentiality); Doc. 99 (Plaintiff's motion to take additional depositions and serve additional interrogatories); Doc. 109 (Plaintiff's motion to compel responses to discovery)). This suggests Plaintiff's diligence and supports the notion that there is good cause to extend the CMSO's deadline for amending the pleadings. *See* FED. R. CIV. P. 16(b)(4); *Romero*, 552 F.3d at 1318–19.

Further, Defendant's argument that Plaintiff has not requested an extension of the CMSO's deadline for amending the pleadings also fails. (Doc. 136, p. 4). First, the Renewed Motion does reference that Plaintiff seeks such an extension, albeit in a cursory manner. (*See* Doc. 133, pp. 11, 13, 17). More importantly, Plaintiff correctly cites to the good cause standard, which applies to untimely requests to amend the pleadings. (*Id.* at. pp. 2, 8). Thus, as a result of the foregoing, the Court finds good cause to extend the deadline for amending the pleadings. *See* FED. R. CIV. P. 16(b)(4); *Romero*, 552 F.3d at 1318–19.

The Court additionally finds that Plaintiff's amendment should be permitted under Rule 15's liberal pleading standard. *See* FED. R. CIV. P. 15(a)(2). Simply put, there is no apparent, substantial reason why the amendment should be forbidden. *See Gropp*, 847 F. Supp. at 945; *Foman*, 371 U.S. at 182; *Laurie*, 256 F.3d at 1274. Indeed, Defendant does not raise any arguments to the contrary, and instead relies

7

entirely on its argument that Plaintiff has not established good cause. (*See* Doc. 136, p. 6). As a result, Plaintiff's Renewed Motion will be granted.[7]

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Renewed Motion to Amend Complaint (Doc. 133) is **GRANTED**.

2. Plaintiff shall file her second amended complaint on or before August 20, 2024. Plaintiff is instructed to file *the exact version of the second amended complaint* that was attached to the Renewed Motion to Amend Complaint along with the *exact same exhibits*. (Doc. 133; Doc. 133-1 through Doc. 133-22).

**DONE AND ORDERED** in Orlando, Florida on August 16, 2024.

---

[7] Plaintiff gratuitously asserts in the Renewed Motion that she has "cautioned the Court to avoid delays" and that granting her pending motion for preliminary injunction "is an obvious and straightforward decision, but we have not even been able to reach that." (Doc. 133, p. 16, 16 n.6; *see* Doc. 86). Before concluding, the Court briefly addresses these remarks. A motion for preliminary injunction is an "extraordinary and drastic remedy" that requires the Court to carefully analyze a plaintiff's claims to determine whether the plaintiff has clearly established a likelihood of success on the merits. *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)); *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002). The Court found it improvident to address Plaintiff's motion for preliminary injunction—despite Plaintiff labelling it as time-sensitive—until it is clear which of the *five (5) versions* of the allegations that Plaintiff has submitted in this case would ultimately be the operative pleading. (*See* Docs. 1-1, 65-1, 72-1, 81, 84; *see also* Doc. 86). Thus, any perceived delay in the Court ruling on Plaintiff's motion for preliminary injunction is directly attributable to Plaintiff's choices about how to proceed in this matter. (*See, e.g.*, Docs. 37, 54, 65, 71, 72, 80, 81, 82, 84, 86, 132, 133). The Court notes that, following Plaintiff's filing of her amended pleadings pursuant to the instant Order, her motion for preliminary injunction will be ruled upon in due course, with the proviso that the Court has other important matters pending that will have been ready for review long before that motion. (*See* Doc. 86).

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties