IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JENNIFER SMITH,

    Plaintiff,

vs.                                       Case No. 4:24cv367-MW-MAF

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,
ALLYSON WATSON, DENISE
WALLACE, LATONYA BAKER,
LATRECHA SCOTT, RICA
CALHOUN, GRAY ROBINSON, P.A.,
JULIE ZOLTY, RICHARD E.
MITCHELL, and SARAH REINER,

    Defendants.
_____/

# O R D E R

On September 11, 2024, the United States District Court for the Middle District of Florida transferred case number 6:24cv457-PGB-RMN to this Court. The parties shall note the new case number as shown above which must be reflected on all documents submitted for filing in this case.

This Order is entered to guide the proceedings going forward and clarify the status of this litigation. The case was initiated in the Middle

District on March 4, 2024, ECF No. 1, having been removed from state court. It appears that the operative pleading is Plaintiff's Corrected Second Amended Complaint ["complaint"], ECF No. 151, filed on August 18, 2024. Plaintiff's complaint raises 9 claims in 10 counts against the Defendants.

Plaintiff proceeds pro se, but she is an attorney, licensed in the State of Florida. *See* ECF No. 151 at 66. At this point, the docket does not include the Plaintiff's contact information. The Clerk of Court must immediately add that information to the docket.

Defendant Florida Agricultural & Mechanical University Board of Trustees ("FAMU") filed a motion for more definite statement, ECF No. 160, and a motion to transfer venue, ECF No. 161. The motion to transfer venue was granted, ECF No. 178, the motion for a more definite statement, ECF No. 161, was not addressed.

FAMU argues that Plaintiff's complaint is a shotgun pleading which contains irrelevant material and does not comply with the Federal Rules of Civil Procedure. ECF No. 160. Plaintiff contends the motion is nothing more than Defendant's "latest attempt to avoid having to respond to the allegations against it." ECF No. 168.

Case No. 4:24cv367-MW-MAF

Plaintiff's complaint is 66 pages in length. ECF No. 151. It contains a 2-page "Introduction" with footnotes citing to published articles. Such information may be helpful for a law review article, but it is unnecessary for a pleading. Defendants should not have to respond to those pages which are, notably, not presented in numbered paragraphs.[1] To the extent Plaintiff includes relevant facts within the Introduction, they should be within short, separately numbered paragraphs as required by Rule 10.

To be sure, Plaintiff did include numbered paragraphs - 227 of them. There are numerous immaterial and nonessential facts which serve only to unnecessarily lengthen the complaint. A 66-page complaint with 227 paragraphs is not a "short and plain statement" as required by Rule 8(a). See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a 58-page complaint, comprised of 146 numbered paragraphs, with allegations that incorporate by reference the proceeding allegations, to be a "quintessential 'shotgun' pleading"). While Magluta's complaint was

---

[1] Plaintiff argued that an introduction is not barred and was upheld as permissible in Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1318 (11th Cir. 2015). ECF No. 168 at 6-7. The distinction is that in Weiland, only one paragraph was "an introductory statement." Because the facts supporting Plaintiff's claims are all that are necessary, an introduction is unnecessary. The Court nor Defendants need "context," they need facts. Defendants should not have to respond to unnecessary statements which do not pertain to the facts of Plaintiff's case.

described as containing "rambling irrelevancies," Plaintiff's is comprised of overly-detailed narratives.  It is not a "short and plain statement of the claim" as required by Rule 8 of the Federal Rules of Civil Procedure.

     Plaintiff's complaint asserts Counts I through X, and for each count, Plaintiff begins with a statement that she "realleges all relevant paragraphs including but not limited to" certain paragraphs.  ECF No. 151 at 44-61.  A statement that the allegations "includes" certain paragraphs but is not limited to them is far from clear.  The Eleventh Circuit has long condemned such pleadings as impermissible "shotgun pleadings," with the "most common type" described as "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015).  Plaintiff argues that her complaint "does not indiscriminately incorporate all preceding paragraphs," ECF No. 168 at 5, but it does do so because the reader has no idea what is actually excluded or limited.

Furthermore, the paragraphs listed by Plaintiff to support the claims are numerous and onerous.  For example, Count II relies upon paragraphs 1-27, 38-149.  Excluding all but 10 paragraphs is hardly limiting.

In addition, both Counts II and IV are retaliation claims against Defendant FAMU.  *Id.* at 45, 49.  The claims are redundant.  Count V is not a claim at all; it is a request for preliminary and permanent injunctive relief.  *Id.* at 50.  Plaintiff also asserts two overlapping conspiracy claims against the "Gray Defendants."  *Id.* at 53-58.  Those Defendants are the law firm, Gray Robinson, P.A., and three attorneys (Mitchell, Zolty, and Reiner) employed by the firm.  *Id.* at 6.  These claims also appear to be redundant.  Plaintiff should be required to file an amended complaint to eliminate unnecessary and redundant claims, as well as to shorten and simplify the pleading.

It is by now well established that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so that a defendant has "fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  The Supreme Court has made clear that a pleading does not need "detailed factual allegations"

to do so, but it does need more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Plaintiff's complaint is deficient because it "is neither short nor plain." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (holding that 62-page document was "a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions").

The Local Rules of this Court require a complaint to "not exceed 25 pages, unless the Court authorizes it." N.D. Fla. Loc. R. 5.7(B). Brevity is far more beneficial than lengthy narratives; nevertheless, Plaintiff is authorized to exceed the page limit by no more than 5 pages. Plaintiff shall have until **October 1, 2024**, to file a clearly titled "third amended complaint" which shall be no longer than 30 pages, which shall not include an introduction, and must comply with Federal Rule of Civil Procedure 8(a) - a short and plain statement of the facts. Furthermore, the only attachment[2] which should properly be included with a complaint is proof that Plaintiff exhausted administrative remedies concerning her Title VII claim.

---

[2] Plaintiff's complaint included 21 exhibits with her complaint, including handbooks, emails, partial deposition transcripts, etc. Those are not necessary and should not be included.

Case No. 4:24cv367-MW-MAF

Pursuant to Rule 10, a "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The complaint should not be unnecessarily lengthened by the submission of unnecessary exhibits.

Plaintiff has also filed a "time-sensitive motion to stay" this case pending a ruling by the Eleventh Circuit Court of Appeals on her notice of appeal. ECF No. 176. The Middle District of Florida denied Plaintiff's third motion for a preliminary injunction, ECF No. 86, on August 30, 2024. ECF No. 164. Plaintiff filed a notice of appeal of that decision on September 3, 2024. ECF No. 165. "A district court order granting or denying a preliminary injunction is immediately appealable." Daker v. Ward, No. 19-14295, 2024 WL 3042539, at *2 (11th Cir. June 18, 2024) (citing 28 U.S.C. § 1292(a)(1)). "When a party brings an interlocutory appeal, the district court retains jurisdiction to proceed with the portions of the case not related to the appeal." Johnson v. 3M Co., 55 F.4th 1304, 1309 (11th Cir. 2022) (cited in Daker, 2024 WL 3042539, at *2). To be clear, requiring Plaintiff to file a third amended complaint would not "alter[ ] the status of the case" as it does not involve an issue to be decided on Plaintiff's interlocutory appeal. Plaintiff's appeal concerns only the decision to deny

her request for preliminary injunctive relief[3] and that order did not address the merits of Plaintiff's claims.  ECF No. 164.  For that reason, it is concluded that this Court retains jurisdiction to direct Plaintiff to file the third amended complaint.  <u>Green Leaf Nursery v. E.I. DuPont De Nemours & Co.</u>, 341 F.3d 1292, 1309 (11th Cir. 2003) (holding that if because the proposed amendment would alter the status of the case, the district court "was without jurisdiction to grant Plaintiffs' leave to file an amended complaint").  Defendant FAMU has not yet filed a response to Plaintiff's motion to stay this case.  ECF No. 176.  It has until **September 25, 2024**, to do so.

The docket reveals that summonses were issued for the individual Defendants and Gray Robinson, P.A., on July 16, 2024.  ECF Nos. 100-107, 110.[4]  The docket does not indicate that any of those Defendants have been served with process.  Plaintiff has until **October 15, 2024**, to demonstrate that service has been carried out or otherwise clarify the status of service on all Defendants other than FAMU.

---

[3] Plaintiff seeks to be reinstated to her "tenured position as a Full Professor - until the merits of this case are decided."  ECF No. 86 at 1.

[4] Summons were requested after Plaintiff submitted an amended complaint, ECF No. 84, on July 9, 2024.

Case No. 4:24cv367-MW-MAF

A Case Management and Scheduling Order was entered on April 15, 2024. ECF No. 45. It appears that discovery is scheduled to conclude on November 4, 2024, but it also appears that in light of Plaintiff's efforts to add multiple claims and Defendants,[5] that the pre-trial deadlines should be adjusted. The parties are required to file a brief response which outlines the discovery left to be conducted, and the estimated time that discovery will take. Responses shall be filed by **October 4, 2024**.

As a result of the transfer, it is not entirely clear which documents remain pending. The Court is not inclined to read every order previously entered or conduct a detailed analysis of all documents filed to determine whether any motions remain pending. The parties must advise the Court by **October 4, 2024**, whether any motion is ripe for ruling and requires the Court's attention.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall include Plaintiff's contact information on the docket. *See* ECF No. 151 at 66.

---

[5] Plaintiff's state court complaint was brought only against Defendant FAMU and raised five claims. ECF No. 1-1.

Case No. 4:24cv367-MW-MAF

2.  The parties have until **October 4, 2024**, to respond to this Order and point to a specific motion which remains pending at the time of transfer, and to outline their discovery needs and estimations of the time necessary to complete discovery.

3.  Defendant FAMU should file a response to Plaintiff's motion to stay this case, ECF No. 176, if they oppose the motion, no later than **September 25, 2024**.

4.  The motion for a more definite statement, ECF No. 160, is **GRANTED**.

5.  Plaintiff has until **October 1, 2024**, to file a "third amended complaint" which shall be no longer than <u>30 pages</u>, in compliance with Federal Rule of Civil Procedure 8 and this Order.

6.  The Clerk of Court shall return this file upon receipt of Plaintiff's third amended complaint or no later than October 4, 2024.

**DONE AND ORDERED** on September 17, 2024.

            S/   Martin A. Fitzpatrick
            **MARTIN A. FITZPATRICK**
            **UNITED STATES MAGISTRATE JUDGE**