UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIA
TALLAHASSEE DIVISION

JENNIFER SMITH,

    Plaintiff,

v.                      CASE NO.: 4:24-cv-00367-MW-MAF

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD of TRUSTEES, et al.

    Defendants.
_____/

## UNIVERSITY'S MOTION TO AMEND CASE MANAGEMENT ORDER

Defendant, Florida Agricultural & Mechanical University Board of Trustees, ("University"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 16(b)(4), hereby requests that the Case Management and Scheduling Order entered in this case in the United States District Court for the Middle District of Florida as Document 45 be amended and as grounds therefore states:

The University seeks extension of its deadline to submit an expert report unless and until 60 days after an answer and affirmative defenses to a viable complaint filed by the plaintiff is due. The University submits that good cause for the amendment exists due to the absence of a viable complaint and the stay

pending appeal that has been in place since September of 2024. Thus, the requirements of the schedule cannot be met despite the diligence of the University.

> District courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ..." Fed.R.Civ.P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."

*Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

At the time this case was removed, the operative complaint was the First Amended Complaint. [Doc. 1-1]. The University voluntarily accepted service of process of the First Amended Complaint on May 31, 2024. [Doc. 62]. However, soon thereafter the plaintiff chose to amend the complaint, adding multiple counts and additional defendants. [Docs. 54, 64, 72, 74, 81, 84, 112, 132, 133, 149, 151].

After multiple attempts, Plaintiff filed a Corrected Second Amended Complaint on August 19, 2024. [Doc. 151]. The University timely filed a Motion for More Definite Statement on August 29, 2024, pointing out that the Corrected Second Amended Complaint is a shotgun pleading which, among other things, reincorporates all allegations in each and every count. *Id.* at p. 4,

¶2. [Doc. 160]. The plaintiff filed a Notice of Appeal in the Middle District regarding the denial of a motion for preliminary injunction. [Docs. 164, 165]. The case was thereafter transferred to the Northern District. [Doc. 178]. The Northern District magistrate granted the defense Motion for More Definite Statement. [Doc. 186]. The plaintiff objected to the determination of the magistrate. [Doc. 190]. The magistrate's Order Granting Motion for More Definite Statement was vacated by the Court. [Doc. 192]. This Court also reserved determination on the University's Motion for More Definite Statement pending appeal. *Id.* The Court further stayed this action pending the plaintiff's interlocutory appeal. *Id.*

Despite the action being over a year old, no responsive pleadings have been required to date. Further, the Corrected Second Amended Complaint joined eight (8) additional defendants with separate causes of action, none of whom have been served. [Docs. 151, 194].

This Court may amend the Case Management Order for good cause. Fed. R. Civ. P. 16(b)(4).

> Rule 16 of the Federal Rules of Civil Procedure provides that "[a] [discovery] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). "A finding of lack of diligence on the part of the

> party seeking modification ends the good cause inquiry." *White v. Sacred Heart Health Sys., Inc.*, No. 3:13cv532–MCR/EMT, 2016 WL 1426450, at *7 (N.D. Fla. Mar. 11, 2016) (internal quotation marks omitted)

*Peterka v. Dixon*, 2024 WL 4347873, at *2 (N.D. Fla. Sep. 30, 2024).

The grounds for this request are simple and demonstrate that good cause for amendment is amply present. This case commenced on October 17, 2023. [Doc. 1.6, p. 2]. No viable complaint has yet been filed. The state of the Corrected Second Amended Complaint filed just before the transfer of this case from the Middle District, remains in limbo since this Court has reserved judgment on the University's Motion for More Definite Statement. [Docs. 169, 194]. The newly added defendants have not been served, and therefore no response is expected from them. *Id.* The issues are unsettled since neither the University nor the additional defendants have been obliged to provide any substantive response. This case has been stayed since September 23, 2024, at the request of the plaintiff, pending the outcome of her appeal. [Doc. 192].

The University has not promulgated any discovery at all to date, due to the unsettled nature of its service with process, the lack of viable pleadings, and its attempts to transfer this matter to the proper forum. [Docs. 22, 30, 31, 33, 35, 37, 40, 42, 63, 68, 112, 132, 133, 161, 178].

The hiring and preparation of an expert is expensive. The University has already been compelled to engage in extensive discovery promulgated by the

plaintiff. It has been compelled to respond to at least four motions for injunction and two appeals, all without an operative complaint requiring a substantive response. [Docs. 6, 10, 11, 27, 34, 86, 125, 164, 180].

Therefore, the University is now uncertain as to how to select and prepare an expert without settled pleadings and defined data for the expert to review, yet the earliest deadline for production of an expert report will soon appear on its horizon once the Eleventh Circuit makes its decision. [Doc. 165].

The University therefore requests that the Case Management and Scheduling Order [Doc. 45] be amended to abate the necessity of the University's production of an expert report until 60 days after a viable complaint is accepted by this Court and a substantive responsive pleading is required.

In further support of this Motion, the University would draw this Court's attention to the fact that despite the stay entered in September of 2024, the plaintiff on November 1, 2024, requested, and this Court granted, an extension of time to serve the newly added defendants. [Docs. 193, 194].

WHEREFORE, Florida Agricultural & Mechanical University Board of Trustees requests an amendment to the Case Management and Scheduling Order, Document 45, extending the deadline for the University to submit an expert report unless and until 60 days after it is due to file an answer and affirmative defenses to a viable complaint filed by the plaintiff, and grant such

other relief as it shall deem proper.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that that the movant has conferred with the plaintiff appearing in pro se, via email on March 24, 2025, on the resolution of all or part of the motion, who does not oppose the relief requested, stating, "Plaintiff does not object to the relief requested in the motion requesting an extension of time for the submission of an expert report, but objects to the inaccurate presentation of the facts."

*/s/ Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809

*Counsel for the Board of Trustees, Florida A&M University*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this 25th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sill send a notice of electronic filing to all registered users and counsel in this case.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for the Board of Trustees, Florida A&M University*